UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case. No. 1:24-CV-14143-AMC

MICHAEL SWEENEY,

    Plaintiff,

v.

UNITED STATES POSTAL SERVICE and
PAUL LAWRENCE FREEMAN

    Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, **UNITED STATES POSTAL SERVICE** ("USPS") and **PAUL LAWRENCE FREEMAN** ("Mr. Freeman") by and through the undersigned Assistant United States Attorney, and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, moves to dismiss the Complaint of Plaintiff, Michael Sweeney and states as follows:

**I.     INTRODUCTION**

Plaintiff's Complaint asserts a count for negligence against all defendants as it relates to an incident where a motor vehicle operated by USPS employee, Mr. Freeman collided with Plaintiff, a bicyclist in Stuart, Florida. This Court lacks subject matter jurisdiction as tort claims cannot be asserted over federal agencies and/or employees. Rather such claims must be brought against the United States; therefore, the Complaint must be dismissed for lack of subject matter jurisdiction.

## II. ARGUMENT

Dismissal under Rule 12(b)(1) may be raised either through a facial or a factual challenge to the complaint. *Stalley ex rel. United States v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A facial attack on a complaint requires only that the court review the complaint to determine whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction. *Id.* In contrast, a factual attack challenges the existence of subject matter jurisdiction through material extrinsic from the pleadings, such as affidavits or testimony. *Id.* Because the USPS and Mr. Freeman facially challenge subject matter jurisdiction, the Court need only review the Complaint.

The Complaint names the USPS, a federal agency and Mr. Freeman, a federal employee as defendants in this matter. DE 1 at ¶¶ 2, 4. However, Plaintiff cannot sue a federal agency or official under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2679(b)(1) (tort remedy against the United States "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . ."). Indeed, it is clear that "[t]he only proper defendant to an FTCA action is the United States of America." *Meszaros v. United States*, No. 8:05-cv-1214, 2006 WL 1528939, at *5 (M.D. Fla. 2006) (citing 28 U.S.C. §§ 2674 and 2679)). Moreover, a plaintiff cannot proceed against a federal agency in its own name. *Caldwell v. Klinker*, 646 F. App'x 842, 846 (11th Cir. 2016) ("Because the FTCA was the exclusive remedy for Caldwell's tort claims for money damages, whether or not he invoked the FTCA or named the United States as a defendant, he could not have proceeded against the federal agencies or employees in their own names.") (internal citations omitted).

## III. CONCLUSION

Accordingly, this Court has no jurisdiction over an FTCA claim against the USPS and Mr.

Freeman as "an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); *see also Wills v. Postmaster Gen.*, 300 F. App'x 748, 752 (11th Cir. 2008) (stating that a tort claim against the United States Postal Service must be brought against the United States).

WHEREFORE, Defendants, USPS and Mr. Freeman respectfully request that this Court dismiss Plaintiff's Complaint under Rule 12(b)(1) and grant any other relief deemed appropriate.

Date: December 2, 2024

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By: */s/ Jeanette M. Lugo*
Jeanette M. Lugo
Florida Bar No. 122060
Assistant United States Attorney
Email: Jeanette.Bernard@usdoj.gov
United States Attorney's Office
500 S. Australian Ave., Suite 400
West Palm Beach, Florida 33401
Tel: (561) 598-6539
Fax: (561) 820-8777
*Attorney for the Defendant*